UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACKING NETTLES JR. #271812,

    Plaintiff,                            Hon. Phillip J. Green

v.                                                Case No. 1:22-cv-120

UNKNOWN SCHMIDT,

    Defendant.
_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 26) and Plaintiff's Motion for Summary Judgment (ECF No. 29). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). For the reasons discussed herein, Plaintiff's motion will be denied, Defendant's motion will be granted, and this action terminated.

## BACKGROUND

Plaintiff initiated this action regarding events that occurred on October 16, 2021, while he was incarcerated at the Carson City Correctional Facility (DRF). Specifically, Plaintiff has sued Michael Schmidt, who was at the time employed as a Sergeant at DRF. In his complaint, Plaintiff alleges the following.

-1-

At approximately 6:00 p.m. on October 16, 2021, Plaintiff "was in line for the dinner meal." Before securing his dinner, however, the kitchen ran out of pizza, the "main course" that evening. Dissatisfied with the "inadequate" substitute options available to him, Plaintiff began speaking with a food service steward. Before Plaintiff was able to resolve the matter, however, Defendant Schmidt interrupted this conversation and instructed Plaintiff to "eat what's left or get out [of] the kitchen." Plaintiff chose to exit the dining facility. Plaintiff alleges that Schmidt, by terminating his conversation with the food service steward, violated his First Amendment right to redress grievances. Both parties now move for summary judgment. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence,

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The precise nature of Plaintiff's claim is difficult to discern. Plaintiff alleges that his right to petition the government for redress of grievances was violated. Specifically, Plaintiff alleges that Defendant "imped[ed] and preclude[ed] Plaintiff from exercising his right to exhaust the mandatory first step of the grievance process which is Plaintiff attempting to resolve the issue prior to filing a grievance. In effect, Schmidt['s] abusive actions violated Plaintiff's First Amendment right to redress." (ECF No. 1, PageID.1).

In his complaint, Plaintiff also describes events that occurred after Defendant interrupted his conversation with the food service steward. (ECF No. 1, PageID.2-3). In his deposition, however, Plaintiff made clear that these events are neither relevant to nor comprise part of his claim. (ECF No. 27-6, PageID.134). Accordingly, the Court

interprets Plaintiff's complaint as asserting two related claims: (1) interference with his attempt to access the prison grievance process, and (2) denial of access to the courts.

Plaintiff's claim that Defendant interfered with his attempt to pursue a prison grievance must be dismissed because "there is no federal right to an effective prison grievance procedure." *Farmer v. Phillips*, 2021 WL 6210609 at *2 (6th Cir., Oct. 19, 2021). Even assuming Defendant did interfere with Plaintiff's attempt to utilize the prison grievance process such would not have precluded Plaintiff from pursuing legal action as Plaintiff is only required to pursue his *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). Accordingly, as to this claim, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

To the extent Plaintiff claims that his right of access to the courts was violated, Defendant is likewise entitled to summary judgment. To prevail on this claim, Plaintiff must establish the following: (1) he possessed a non-frivolous legal claim; (2) Defendant undertook "obstructive action"; (3) which resulted in "substantial prejudice" to his claim; (4) this prejudice could not be remedied by the state courts; and (5) he is now unable to pursue the claim in question. *See Flagg v. City of Detroit*, 715 F.3d 165, 173-74 (6th Cir. 2013). Plaintiff has failed to present evidence establishing any of these elements. Accordingly, as to this claim, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

## **CONCLUSION**

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 26) is granted; Plaintiff's Motion for Summary Judgment (ECF No. 29) is denied; and this action is terminated. For the same reasons the Court reaches this conclusion, the Court finds that an appeal of this matter by Plaintiff would not be in good faith. A Judgment consistent with this Opinion will enter.


Date: January 23, 2022              /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACKING NETTLES JR. #271812,

    Plaintiff,             Hon. Phillip J. Green

v.                                               Case No. 1:22-cv-120

UNKNOWN SCHMIDT,

    Defendant.
_____/

## JUDGMENT

Consistent with the Opinion filed this day, Defendant's Motion for Summary Judgment (ECF No. 26), is granted; Plaintiff's Motion for Summary Judgment (ECF No. 29) is denied; and this action is terminated. Furthermore, the Court finds that an appeal of this matter by Plaintiff would not be in good faith.

**IT IS SO ORDERED**.

Date: January 23, 2022                         /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge